Filed 8/11/25  L.S. v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| L.S. et al., | |
| Petitioners, | E086053 |
| v. | (Super.Ct.No. CVRI2200196) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| BANKERS INSURANCE COMPANY et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Chad W. Firetag, Judge.  Petition denied.

Gabriel H. Avina for Petitioners.

No appearance for Respondent.

Demler Armstrong & Rowland, Bjorn Green, and Dean Pollack for Real Parties in Interest, Bankers Insurance Company et al.

1

Lynberg & Watkins, S. Frank Harrell, Jesse K. Cox, and Jared D. Shahar for Real Parties in Interest, City of Palm Springs et al.

Ellis & Ellis, Warren M. Ellis, and Crystal R. Ellis for Real Parties in Interest, Justice Bail Bonds et al.

In this wrongful death action, petitioners—family members of the deceased—moved for trial preference under Code of Civil Procedure section 36. That section imposes different requirements for trial preference based on whether the moving party is over 70 years of age (Code Civ. Proc., § 36, subd. (a)) or under 14 years of age (*id.* at § 36, subd. (b)), and petitioners relied on both alternatives. After the trial court denied the motion, petitioners petitioned for a writ of mandate in this court, and we issued an order to show cause. For the reasons explained below, we now deny the petition.[1]

## I. BACKGROUND

Our record contains no pleading, so our understanding of the lawsuit's basis comes from the trial court's description of the first amended complaint. The case arises from the shooting death of David Spann on April 23, 2021 in Palm Springs. Before his death, David was involved in a family court proceeding over his two minor children with

---

[1] Undesignated statutory references are to the Code of Civil Procedure, and undesignated rule references are to the California Rules of Court.

their mother, Kandis Spann.[2]  In April 2021, David was charged with a misdemeanor for allegedly violating a protective order that protected Kandis.

On April 22, 2021, David attended family court custody proceedings.  Kandis believed David was acting erratically and sought help from two people who worked at Justice Bail Bonds.  The workers then hired bail bond companies to apprehend and surrender David for the misdemeanor violation.

The bail bond companies assigned the task to Fabian Hector Herrera and his team.  On April 23, 2021, Herrera contacted the Palm Springs Police Department to notify them that he would be attempting to apprehend David at his residence.  Herrera and his mother, Lisa Vargas, with their guns drawn, attempted to enter David's residence by kicking in the front door.  David called 911 and reported that someone was trying to break into his home.

In response to the 911 call, the Palm Springs Police Department dispatched officers Rhett Arden and Emmi Kramer.  Arden and Kramer arrived at David's residence and saw Herrera holding David at gunpoint.  For self-defense, David held a knife.  Arden asked Herrera, "Hey, you got lethal?" to which Herrera responded, "Yeah."  Arden then told David twice, "You're gonna get tased," and then deployed a taser at David.  Arden then said, "Taser, Drop it!  Shoot."  Upon Arden's order to "shoot," Herrera fired his gun and shot David in the chest.  David died shortly thereafter.

_____

[2]  To avoid confusion, we refer to members of the Spann family by their first name.  No disrespect is intended.

3

Plaintiffs filed suit against Herrera, Vargas, officers Arden and Kramer, the City of Palm Springs, and other defendants that the trial court described as "bail bond companies, their principals, and their insurance companies."  A first amended complaint asserted at least 11 causes of action.  The plaintiffs in the action include David and Kandis's two minor children, L.S. and I.S., by and through Kandis as their guardian ad litem, as well as William Spann, David's father.  We will collectively refer to L.S., I.S. and William as petitioners.

In February 2025, petitioners moved for trial preference under section 36, subdivisions (a) and (b).  The first applies to older persons; the second to young persons.  Section 36, subdivision (a) (subdivision (a)) provides that "[a] party to a civil action who is over 70 years of age may petition the court for a preference, which the court shall grant if the court makes both of the following findings:  [¶]  (1)  The party has a substantial interest in the action as a whole.  [¶]  (2)  The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation."  Petitioners sought trial preference under subdivision (a) on the ground that William is 75 years old and in deteriorating health.  Section 36, subdivision (b) (subdivision (b)) provides that "[a] civil action to recover damages for wrongful death or personal injury shall be entitled to preference upon the motion of any party to the action who is under 14 years of age unless the court finds that the party does not have a substantial interest in the case as a whole."  Petitioners sought trial preference under subdivision (b) on the ground that L.S. and I.S. are under 14 years of age.

When petitioners moved for trial preference, trial had already been set to begin on June 6, 2025, or in less than four months' time. Thus, petitioners asked that the court grant the motion and "keep[] the current trial date and/or set[] trial within 120 days."

The trial court denied the motion. As to subdivision (a), the trial court noted petitioners' evidence that William is "suffering from severe medical conditions which affect his health, and his prognosis is uncertain as to whether he may be able to participate in a prolonged litigation." However, it found that William did not have a substantial interest in the action as a whole because he was a party to only one cause of action, a "Fourteenth Amendment claim for 'Loss of Familial Association.'"

As to subdivision (b), the trial court relied on rule 3.1335(b), which provides that a request to advance, specially set, or reset a case for trial "may be granted only upon an affirmative showing by the moving party of good cause based on a declaration served and filed with the motion or application." The trial court stated that Kandis, as the children's guardian ad litem, "provided no declaration," and the motion was "supported only by the declaration of [p]laintiffs' counsel who states in a generalized, conclusory manner that [p]laintiffs have substantial interest in the case as a whole." It concluded that "no declaration has been filed by any of the parties with personal knowledge, or admissible evidence, demonstrating such substantial interest" and thus that no preference was warranted.

5

## II. DISCUSSION

Petitioners argue their trial preference motion should have been granted under subdivisions (a) and (b). We find that petitioners have not demonstrated error.

To obtain trial preference under the terms of subdivision (a), the moving party must show both that the "health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation" and that "[t]he party has a substantial interest in the action as a whole." However, petitioners' subdivision (a) argument focuses almost exclusively on William's deteriorating health. They have not demonstrated they satisfied the "substantial interest" requirement under any standard of review.

Petitioners' only argument about the substantial interest requirement is that William's testimony at trial would be "vital to the presentation of the minors' claims" and that the minors' claims "underscore and rely upon the factual foundation that only their grandfather can offer." As presented, that assertion is conclusory. It leaves petitioners with an argument lacking any substance. Petitioners offer no example of how William's trial testimony might contribute to the minors' causes of action. Nothing in our record, such as a pleading, shows what the minors' causes of action are in the first place. Petitioners assert "each and every claim arises from a single tragic event [and] involves identical evidence and witnesses," which we take to mean David's shooting death. But they offer no explanation of how William's presence at trial might help a jury better understand how that unfolded. Because petitioners have not demonstrated that William

6

has a "substantial interest in the action as a whole," we cannot displace the trial court's conclusion that no trial preference was required under subdivision (a).

In contrast to subdivision (a), subdivision (b) carries a presumption that the moving party has a substantial interest. (§ 36, subd. (b) ["A civil action to recover damages for wrongful death or personal injury shall be entitled to preference upon the motion of any party to the action who is under 14 years of age *unless* the court finds that the party does not have a substantial interest in the case as a whole."], italics added.) The trial court stated that "no declaration has been filed by any of the parties with personal knowledge, or admissible evidence, demonstrating such substantial interest." This would be error if the trial court concluded it is the moving party's burden to show a substantial interest. However, after making that statement the trial court did not state that the plaintiffs were deficient but rather explained that under rule 3.1335, a motion to specially set a trial date must be accompanied by a declaration establishing good cause. Rule 3.1335(a) states that "[a] party seeking to advance, specially set, or reset a case for trial must make this request by noticed motion or ex parte application under the rules in chapter 4 of this division." Rule 3.1335(b) then says that "[t]he request may be granted only upon an affirmative showing by the moving party of good cause based on a declaration served and filed with the motion or application."

Petitioners fail to demonstrate that they satisfied rule 3.1335. Their sole argument about rule 3.1335 in their petition is that the rule does not apply based on the terms of that rule. Specifically, they contend that because they sought to maintain a trial date that

7

had already been set, "they were not attempting to advance trial." This was also the sole argument they advanced in trial court as to the rule.

Rule 3.1335, however, applies to motions to "specially set[] or reset a case for trial" as well as motions to advance a trial date, and had petitioners' motion been granted, the trial date would have been specially set or reset, even if it was set on the same date as before. A motion for trial preference *is* a motion to specially set a trial. Section 36, subdivision (f) states that if the trial preference motion is granted, "the court shall set the matter for trial not more than 120 days from that date." Moreover, "'[c]ourts have long recognized that the Legislature intended section 36 to be mandatory.'" (*Pabla v. Superior Court* (2023) 90 Cal.App.5th 599, 603.) Without a preference finding, a trial court can move a trial date at its courtroom's convenience; with trial preference, the court's discretion to continue the trial is significantly cabined. Thus, petitioners were moving the court to either "specially set" the trial date for within 120 days or "reset" the date previously set, so rule 3.1335's requirements applied. Petitioners accordingly fail to demonstrate the trial court's reliance on rule 3.1335 was in error.

In their traverse, petitioners argue for the first time that they satisfied rule 3.1335's requirements if it applies. Because the argument was not raised in the petition, we will not consider it. (See *In re Reno* (2012) 55 Cal. 4th 428, 458, fn. 15 ["new theories . . . are, in the usual case, improper when raised for the first time in the traverse"], superseded by statute on other grounds in *In re Friend* (2021) 11 Cal.5th 720, 745.)

8

## III.  DISPOSITION

The petition is denied.  The stay order entered May 16, 2025 is lifted.  Real parties in interest are awarded their costs per rule 8.493(a)(1)(A).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL

J.

We concur:

CODRINGTON
            Acting P. J.

MENETREZ
                    J.